## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                            |   |                      |
|--------------------------------------------|---|----------------------|
| IFAST, LTD.                                | : |                      |
| v.                                         | : | Civil No. CCB 05-1448 |
|                                            | : |                      |
| ALLIANCE FOR TELECOMMUNICATIONS            | : |                      |
| INDUSTRY SOLUTIONS, INC. and               | : |                      |
|                                            | : |                      |
| SUSAN M. MILLER                            | : |                      |
|                                            | : |                      |

## MEMORANDUM

Plaintiff IFAST, LTD. has filed suit against defendant Alliance for Telecommunications Industry Solutions, Inc. ("ATIS") and ATIS's President, Susan M. Miller, based on claims arising from the decision of IFAST, an unincorporated association, to transfer the secretariat function once performed by ATIS to a new organization, TelecomXchange, Inc. ("TXI"). IFAST, LTD. contends that it is the successor in interest to IFAST.  As such, IFAST, LTD. alleges that it has standing to assert several causes of action against ATIS, including: (1) conversion; (2) tortious interference with economic relations; (3) infringement of IFAST, LTD.'s trademark rights; (4) common law unfair competition; (5) fraud; and (6) breach of contract. IFAST, LTD. also seeks a declaratory judgment that IFAST, LTD. has the sole right to exert possession, control, and custody over IFAST's assets, and an accounting of all IFAST money and property held by ATIS.

Now pending before this court is ATIS's motion to dismiss for lack of subject matter jurisdiction.  For the reasons that follow, I will grant ATIS's motion.

## BACKGROUND

The relevant facts of this case are largely set forth in this court's opinion in *Alliance for Telecommunications Industry Solutions, Inc. v. Hall,* CCB 05-0440, issued on today's date. Because I will grant the defendant's motion to dismiss for lack of subject matter jurisdiction, I do not think it is necessary to state the facts supporting the plaintiff's individual claims in this cause of action.

ANALYSIS

ATIS has filed a motion to dismiss IFAST, LTD.'s amended complaint pursuant to Fed. R. Civ. Proc. 12(b)(1).  According to ATIS, IFAST, LTD. is not a legitimate successor in interest to the IFAST forum, so IFAST, LTD. lacks standing to bring claims on behalf of the association. For the reasons that follow, I agree with ATIS, and therefore dismiss IFAST, LTD.'s amended complaint in its entirety.

Federal courts are obligated "to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *U.S. v. Hays,* 515 U.S. 737, 742 (1995) (citation omitted).  Because standing is a core element of federal subject matter jurisdiction, it is subject to the same standard of review that applies to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1).  *Falwell v. City of Lynchburg, Virginia,* 198 F.Supp.2d 765, 771 (W.D.Va. 2002).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of proving subject matter jurisdiction.  *Evans v. B.R. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999) (*citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991)).  In considering a motion to dismiss for lack of standing, the court must accept as true all material factual allegations in the complaint and must

construe the complaint in favor of the plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501 (1975).  The

court is to regard the pleadings as mere evidence on the issue, and may consider evidence

outside the pleadings without converting the motion to one for summary judgment. *Richmond,*

*Fredericksburg & Potomac R.R.,* 945 F.2d at 768.  The district court should grant the 12(b)(1)

motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled

to prevail as a matter of law." *Id.*

IFAST, LTD. asserts that it is the "successor in interest to the International Forum on

ANSI-41 Standards Technology, an unincorporated association that transacted business

beginning in 1996." Am. Comp. ¶ 2.  This assertion forms the basis of IFAST, LTD.'s right to

assert claims against ATIS.  The burden is on IFAST, LTD. to establish the truth of this

allegation.  Because IFAST, LTD. cannot satisfy this burden, it cannot demonstrate that is has

suffered an "injury in fact," which is a necessary component of Article III standing.[1]

It is well established that where an unincorporated association attempts to incorporate,

"notice of an intention to incorporate must be given, and no member of an association can

become a member of the corporation without his or her knowledge and consent." 7 Corpus Juris

Secundum § 106 (2004); *see also C.P. DeBruyn v. Golden Age Club of Cheyenne,* 399 P.2d 390

(Wy. 1965) (members of a splinter group, who left unincorporated association and attempted to

form corporation under the same name, and for the same purpose, abandoned any right or

interest they had in the association and had no right to use the association's name); *Martinek v.*

---

[1] A party seeking to invoke a federal court's jurisdiction must demonstrate: (1) injury in fact; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Maryland Minority Contractor's Ass'n v. Maryland Stadium Authority,* 70 F. Supp.2d 580, 586 (D.Md. 1998).

*Zarovy,* 48 N.E.2d 760 (Ill. App. Ct. 1943) (attempt to incorporate association was invalid where all members were not given notice and did not consent to incorporation in advance); *Hamaty v. St. George Ladies Soc.,* 181 N.E. 775 (Mass. 1932) (same); *Great Council of Improved Order of Red Men of State of New Jersey v. Mohican Tribe No. 64,* 114 A. 440 (N.J. 1921) (one cannot become a member of a corporation without his consent). IFAST, LTD. questions ATIS's reliance on older cases from other jurisdictions, arguing that these decisions are out of date and inapplicable in Maryland. IFAST, LTD., however, offers no cases to the contrary. The fact that there are few recent cases simply suggests that this principle is well settled.

Thus, applying this precedent to the facts of this case, it is clear that IFAST, LTD.'s attempt to incorporate the IFAST forum was invalid. The IFAST forum, at the time of incorporation, had more than 100 members. None of these members was contacted about IFAST's plans to incorporate in the state of Maryland. Instead, IFAST's five member management team unilaterally made the decision to incorporate, without notice to or the consent of IFAST's membership. Because neither IFAST's governing documents nor any Maryland statute allowed for incorporation without the full consent of the membership, unanimous consent was required. *Great Council of Improved Order of Red Men of State of New Jersey,* 114 A. at 443 ("an association cannot be incorporated, cannot be changed into a corporation instead of an association, without the consent of every one of the members, at least unless therebe in the contract of association, or the statute law of the state, some provision enabling it to be done without the consent of all."). IFAST, LTD. responds that it would have been a "fool's errand" to obtain consent from IFAST's membership because IFAST members "are scattered throughout the world." Opp. 6. This argument is not compelling, however, as the record in the ATIS case

4

demonstrates that IFAST, LTD. has communicated with IRM holders with frequency and ease. For example, in December 2004, Edward Hall sent an email directing IFAST members to make all IRM payments to him, not ATIS.  Def. Reply, Ex. 1.  Hall could have just as easily sent an email seeking the members' consent to incorporate IFAST.  He did not.

Because there was no unanimous consent from the IFAST members, IFAST, LTD. cannot be the successor in interest to the unincorporated association.  According to well established precedent, "where an attempt to incorporate an existing unincorporated association, or to merge such association into a corporation, is ineffectual, such action does not affect the existence or property of the association."  7 Corpus Juris Secundum § 106 (2004); *see also Ozark County School Dist. R-V of Ozark County v. Lay,* 358 S.W.2d 77, 81 (Mo. Ct. App. 1962) (action of unidentified persons in organizing corporation under same name did not terminate or destroy independent continued existence of the unincorporated association and did not work transfer or conveyance to corporation of title to, or any interest in, association's property or assets); *Hope v. Alabama Lodge of Odd Fellows,* 103 So. 54 (Ala. 1925) (where incorporation is participated in and authorized by less than a majority, the legal title of properties remains in trust for the majority of membership, or in abeyance for the unincorporated association); *Great Council of Improved Order of Red Men of State of New Jersey*, 114 A. at 444 (where incorporation was ineffectual, title to the association's property remained in trust for the members of the association);  *Schiller Commandery, No. 1, United Friends of Michigan v. Jaennichen,* 74 N.W. 458 (1898) (where the action to incorporate is not unanimous, property of the unincorporated association is not vested in the newly formed corporation).  Accordingly, the

IFAST forum may still exist as an unincorporated association[2].  In any event, IFAST, LTD. lacks standing to sue ATIS, because the claims in the amended complaint stem from the relationship between IFAST and ATIS.

IFAST, LTD.'s opposition relies heavily on the findings in this court's decision denying ATIS's motion for a preliminary injunction, wherein the court found that IFAST was an independent organization before, during, and after its secretariat relationship with ATIS.  IFAST acknowledges, as it must, that findings in a preliminary injunction proceeding are not binding for trial. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).  Even if that were not the case, however, these findings are not inconsistent with ATIS's motion to dismiss.  In the preliminary injunction proceeding, the court found that IFAST was a free-standing unincorporated association.  ATIS does not contest this fact for purposes of this motion.  Instead, ATIS argues that IFAST, LTD. is not a successor in interest to IFAST, because the members of IFAST were not notified and did not provide their consent to such a succession.

For the foregoing reasons, I find that IFAST, LTD. lacks standing to assert claims against ATIS.  As such, I dismiss IFAST, LTD.'s amended complaint in its entirety pursuant to Fed. R. Civ. Proc. 12(b)(1).

A separate order follows.


_____March 28, 2006_____                    _____/s/_____
Date                                                         Catherine C. Blake
                                                                United States District Judge


_____

[2] I am not today making any final determination about the status of IFAST.